532 F.2d 956
 92 L.R.R.M. (BNA) 2111
 GREAT COASTAL EXPRESS, INC., Plaintiff-Appellee-Cross Appellant,
v.
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS,
WAREHOUSEMEN & HELPERS OF AMERICA, an
Unincorporated Association,
Defendant-Appellant-Cross Appellee.
 Nos. 73-2393 and 73-2448.
 United States Court of Appeals,
Fourth Circuit.
 Nov. 14, 1975.
Rehearing and Rehearing En Banc Denied Nov. 14, 1975.
 
 Sidney Dickstein, Washington, D. C. (George Kaufmann, Anthony F. Troy, Ira R. Mitzner and Dickstein, Shapiro & Morin, Washington, D. C., on brief), for defendant-appellant in No. 73-2393 and for plaintiff-appellee in No. 73-2448.
 J. W. Alexander, Jr., Charlotte, N. C. (James M. Minor, Jr., Richmond, Va., and John O. Pollard, Charlotte, N. C., on brief), for plaintiff-appellee in No. 73-2393 and for defendant-appellant in No. 73-2448.
 ORDER
 WIDENER, Circuit Judge.
 
 
 1
 Upon the petition for rehearing en banc, 4 Cir., 511 F.2d 839, no member of the court in regular active service has requested a poll of the court to reconsider the case en banc.
 
 
 2
 We have considered the petition for rehearing and are of opinion it is without merit.
 
 
 3
 In our consideration of the petition for rehearing, we note the issue that whether or not the International was properly chargeable with actions which may, in some instances, have been committed by officers or members of the Local was submitted to the jury, as a matter of fact, among other instructions which included the following:
 
 
 4
 "In short, in order to hold the International liable for acts committed by members of Local 592 you must find either, one, that the International participated in the illegal secondary activity in that the persons involved were not only subject to its control with respect to the activities and the manner of performing them, but also the activities were done while on the business of the International or for its benefit; or two, that the International ratified any illegal actions in that the International knew that such illegal secondary activity occurred and either took action which showed an intent to avail itself of the benefits of the illegal acts, or took no action under circumstances such as would make it the duty of the International to repudiate the acts. Thus the burden is on Great Coastal to prove that if any member of Local who may have committed unlawful secondary activity did so on behalf of the International."
 
 
 5
 The petition for rehearing is denied.
 
 
 6
 With the concurrences of DONALD RUSSELL and FIELD, Circuit Judges.